UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22869-Civ-SCOLA/TORRES

DANIEL CALDERON A/K/A
ROLANDO MENDEZ,

    Plaintiff,

v.

SPRINGS LANDSCAPE & MAINTENANCE, INC.,
SUPER LANDSCAPE & MAINTENANCE, INC.,
and JUAN CARLOS HERVIS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO COMPEL, APPROVE, AND ENFORCE THE
PARTIES' NEGOTIATED SETTLEMENT AGREEMENT**

This matter is before the Court on Springs Landscape & Maintenance, Inc., Super Landscape & Maintenance, Inc., and Juan Carlos Hervis (collectively, "Defendants") motion to compel Daniel Calderon ("Plaintiff") to execute the parties' negotiated settlement agreement. [D.E. 46].[1] Plaintiff responded to Defendants' motion on June 26, 2018 [D.E. 48] to which Defendants replied on June 28, 2018. [D.E. 49]. Therefore, Defendants' motion is now ripe for disposition. After careful review of the motion, response, reply, and for the reasons discussed below, Defendants' motion should be **GRANTED in part** and **DENIED in part**.

---

[1] On June 18, 2018, the Honorable Robert N. Scola referred Defendants' motion to the undersigned Magistrate Judge for disposition. [D.E. 47].

1

## I.   ANALYSIS

On May 12, 2018, the parties, through a negotiated settlement agreement, resolved Plaintiff's claims for compensation under the Fair Labor Standards Act including (1) overtime and unpaid wages, (2) liquidated damages, and (3) attorney's fees and costs. The parties advised the Court of the settlement after Plaintiff accepted Defendants' counter-offer. Ever since that time, Plaintiff refuses to sign the settlement agreement on the grounds that he wishes to proceed to trial. As such, Defendants seeks to enforce the parties' settlement because all essential terms were previously agreed upon, including (1) the settlement amount, (2) the execution of mutual general releases, and (3) the time frame to make payments.

Plaintiff claims that on May 12, 2018, he authorized his attorney to accept Defendants' settlement offer. However, on June 7, 2018, Plaintiff argues that he informed his attorney that he no longer wanted to accept Defendants' offer because the case should proceed to trial. Plaintiff claims that an agreement cannot be enforced because – despite his instructions to his attorney to accept Defendants' settlement offer – Plaintiff never physically signed the agreement.

District courts have the inherent power to enforce settlement agreements. *See, e.g.*, *Ford v. Citizens and Southern National Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991); *Kent v. Baker, III*, 85 F.2d 1365, 1398 (11th Cir. 1987). "Indeed, the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is

entrusted to the court's sound discretion." *South Beach Suncare, Inc. v Sea & Ski Corp.*, 1999 WL 350458, at *6 (S.D. Fla. May 17, 1999). In both federal and state court, settlements are highly favored and will be enforced whenever possible. *See, e.g, Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994 ("We favor and encourage settlements in order to conserve judicial resources."); *Spiegel v. H. Allen Homes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003) ("Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so.").

"In the Eleventh Circuit, state law governs the scope of an attorney's authority to enter into a settlement agreement." *Murchison*, 13 F.3d at 1485 (citing *Ford v. Citizens and Southern National Bank,* 928 F.2d 1118, 1120 (11th Cir. 1991)). Under Florida law, an objective test is used to determine whether a contract is enforceable. *See Robbie v. Miami,* 469 So. 2d 1384, 1385 (1985); *Gaines v. Nortrust Realty Management, Inc.,* 422 So. 2d 1037 (Fla. 3d DCA 1982). "A party seeking to compel enforcement of a settlement bears the burden of proving that an attorney has the clear and unequivocal authority to settle on the client's behalf." *Sharick v. Se. Univ. of Health Scis., Inc.*, 891 So. 2d 562, 565 (Fla. DCA 2004) (citing *Cross-Aero Corp. v. Cross-Aero Serv. Corp.,* 326 So. 2d 249, 250 (Fla. 3d DCA 1976)); *see also Weitzman v. Bergman,* 555 So. 2d 448, 449-50 (Fla. 4th DCA 1990) (noting that "it is the burden of the party seeking to compel the settlement . . . to show that the attorney had authority to settle the case"); *Jorgensen v. Grand Union Co.,* 490 So. 2d

214, 215 (Fla. 4th DCA 1986) ("The law is clear that a client's express authority given to his attorney to settle his cause of action must be clear and unequivocal").[2]

In order for a settlement agreement to be enforced, the agreement must also be "sufficiently specific and mutually agreeable on every essential agreement." *Don L. Tullis & Assocs. v. Benge,* 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985). The execution of a settlement agreement is not a condition precedent to a settlement agreement, but rather a procedural formality. *See Boyko v. Ilardi,* 613 So. 2d 103, 104 (Fla. 3d DCA 1996). This means that "courts look to traditional notions of offer and acceptance, and basic contract law, to determine whether an enforceable contract exists."

Here, there is no dispute between the parties that Plaintiff authorized his attorney to accept Defendants' settlement offer on May 12, 2018. Plaintiff's only argument in opposition is that his prior acceptance should *not* be effectuated until there is a physical signature. Plaintiff's contention is unavailing because when he

---

[2] An attorney's mere employment does not meet this burden nor does an attorney's belief that he or she possesses such authority. *See Cross-Aero Corp.,* 326 So. 2d at 250; *Weitzman,* 555 So. 2d at 449 ("Caselaw indicates that courts have been very stringent in what they find to be a 'clear and unequivocal' grant of authority"); *Dixie Operating Co. v. Exxon Co., U.S.A.,* 493 So. 2d 61, 63 (Fla. 1st DCA 1986) (declining "to place the determination of whether clear and unequivocal authority was given under the control of the attorney exercising the authority on the basis of good faith belief when a dispute over that authority arises between the attorney and client"). Instead, Florida law requires that an attorney have clear and unequivocal authority to agree to a binding offer or agreement on a client's behalf. *See, e.g., Sharick,* 891 So. 2d at 565 ("Absent clear and unequivocal authority from Sharick, Tobkin could make neither a binding offer nor a binding agreement on Sharick's behalf. Tobkin's lack of authority to settle on Sharick's behalf is, therefore, dispositive.").

directed his attorney to accept Defendants' settlement offer, it was at that moment that the parties entered into a binding oral settlement agreement. In other words, Plaintiff's agreement served as consideration for the dismissal of his claims and a general release against Defendants. When the parties reached a settlement, they had also agreed upon all essential terms, including (1) the settlement amount, (2) the execution of mutual general releases, and (3) the time frame to make payments.

Plaintiff believes that the absence of his physical signature negates his prior acceptance. But, Plaintiff's contention is unavailing because settlements may exist under Florida law and be enforced without being signed by the parties or even when there is no writing at all. *See Vital Pharmaceuticals, Inc. v. S.A.N. Nutrition Corp.,* 2007 WL 1655421, *6 (S.D. Fla. June 6, 2007) ("Execution of the settlement agreement is not a condition precedent to a settlement agreement, but rather is merely a procedural formality."); *Bonagura v. Home Depot,* 991 So. 2d 902 (Fla. 1st DCA 2008) (holding that the parties reached a valid, binding oral settlement agreement without contingencies); *Boyko v. Ilardi,* 613 So. 2d 103 (Fla. 3d DCA 1993) (finding that the parties entered into a binding oral settlement agreement which was expressly agreed to by both parties).

For example, a settlement can be reached through a series of email exchanges. *See Warrior Creek Development, Inc. v. Cummings,* 56 So.3d 915 (Fla. 2d DCA 2011). Federal courts within the Eleventh Circuit have likewise held that a binding settlement agreement can be reached via email. *See, e.g., Miles v. Northwestern*

5

*Mutual Life Ins. Co.,* 677 F. Supp. 2d 1312 (M.D. Fla. 2009); *Terra–ADI Int'l Dadeland, LLC v. Zurich American Ins. Co.,* 2007 WL 2460744 (S.D. Fla. Aug. 24, 2007). The bottom line is that "[a]ll that is required is that the terms be clear, definite and capable of proof." *Reed By & Through Reed v. United States*, 717 F. Supp. 1511, 1517 (S.D. Fla. 1988) (citing *Blum v. Morgan Guaranty Trust Co. of New York,* 709 F.2d 1463 (11th Cir. 1983)). Therefore, "the physical act of signing a document is a mere formality where the parties clearly intend to be bound." *Id.* (citing *International Telemeter Corp. v. Teleprompter Corp.,* 592 F.2d 49 (2d Cir. 1979); *United States v. McInnes,* 556 F.2d 436, 441 (9th Cir. 1977) (holding that the signing of a stipulation is not required to enforce a settlement agreement).

Of course, parties can expressly require the terms of the settlement to be memorialized in a formal document and executed by the parties in order to be enforceable. But there is no legal requirement that they do so. *Contrast Club Eden Roc, Inc. v. Tripmasters, Inc.,* 471 So. 2d 1322, 1324 (Fla. 3d DCA 1985) ("Where the parties intend that there will be no binding contract until the negotiations are reduced to a formal writing, there is no contract until that time.") and *Long Term Management, Inc. v. University Nursing Care Center, Inc.,* 704 So.2d 669, 674 (Fla. 1st DCA 1997) (finding that the parties did not intend for a settlement to be binding until it was reduced to writing and executed by the parties, based on counsel's comments to the court that the settlement was "subject to [being written] down") *with Miles,* 677 F. Supp. 2d at 1316 (holding that even though the settlement

6

email contemplated a formal agreement fleshing out the essential terms contained within the email, there was no evidence that the parties did not intend to be bound by the terms recited in the email until and unless the more formal agreement was executed) and *Vital Pharmaceuticals, Inc.,* 2007 WL 1655421, at *7 (noting that "no objective evidence in the record provides any indication whatsoever that the parties did not intend to be bound until the agreement was written down and fully executed").

In this case, "there is no evidence to indicate that the parties did not intend to be bound until the agreement was formally documented and fully executed." *Jarvis v. BMW of N. Am., LLC*, 2016 WL 1162324, at *3 (M.D. Fla. Mar. 22, 2016). This finding is supported in the parties' email exchanges and in Plaintiff's response where he admits that he authorized his attorney to accept Defendants' settlement offer. There is also no evidence that the underlying settlement agreement was contingent on the execution of a physical signature. Because there is no dispute (1) that Plaintiff gave his attorney the express authority to accept Defendants' settlement offer, and (2) the offer was sufficiently definite on all material terms, Defendants' motion to enforce the parties' settlement should be **GRANTED** and the agreement should be **DEEMED** signed by Plaintiff.[3] The entry of the Court's Order will have

---

[3] As for Defendants' request for reasonable attorneys' fees, Defendants' motion should be **DENIED** because it would be "a complete was of judicial resources to quarrel over such miniscule fees," and to award Defendants for filing a three page motion and a two page reply. *Matthews v. Colvin*, WL 6882286, at *2 (M.D. Fla. Dec. 4, 2014).

res judicata effect for all claims that were or could have been raised in this action. The Order shall also supersede the requirement for a signature on the general release.

## II. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendants' motion to compel Plaintiff to execute the negotiated settlement agreement and enforce the mutual general release be **GRANTED in part** and **DENIED in part**:

A. Defendants' motion to enforce the parties' settlement should be **GRANTED** and the agreement should be **DEEMED** signed by Plaintiff. [D.E. 142].

B. Defendants' motion for attorneys' fees should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 9th day of August, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge