United States District Court
for the
Southern District of Florida

Daniel Calderon a/k/a Rolando Mendez, Plaintiff,

v.

Springs Landscape & Maintenance, Inc., and others, Defendants.

)
)
)
)

Civil Action No. 17-22869-Civ-Scola

**Opinion Order Overruling Objection, Adopting Magistrate's**
**Report and Recommendations, and Dismissing Case With Prejudice**

Before the Court is an objection (the "Objection," ECF No. 51) filed by Plaintiff Daniel Calderon a/k/a/ Rolando Mendez ("Calderon") to a report and recommendation of Magistrate Judge Edwin G. Torres (the "R&R," ECF No. 50) on a motion to compel, approve and enforce settlement agreement and general release (the "Motion," ECF No. 46) filed by Defendants Springs Landscape & Maintenance, Inc., Super Landscape & Maintenance, Inc. and Juan Carlos Hervis (collectively, "Defendants"). Having considered the parties' briefing and the applicable law, the Objection (ECF No. 51) is **overruled,** the R&R (ECF No. 50) is **adopted in full**, and the Motion (ECF No. 46) **granted in part and denied in part** for the reasons that follow.

1. **Factual Background**

Calderon filed this action on July 30, 2017, asserting one count under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages. (ECF No. 1.) On May 18, 2018, a notice of settlement was filed on the docket and the Court administratively closed the case and ordered the parties to file a proposed settlement for the Court's review by June 15, 2018. (ECF Nos. 44, 45.) At some point thereafter, the Plaintiff apparently reneged on his agreement, declined to sign the settlement papers, and decided he would rather proceed to trial. So, on June 15, 2018, the Defendants filed the Motion and requested the Court to compel, approve and enforce the parties' settlement agreement, arguing that a enforceable agreement was reached that bound the Plaintiff regardless of whether he executed the actual settlement papers. (ECF No. 46.) The Court referred the Motion to Judge Torres for a report and recommendations. (ECF No. 47.)

Judge Torres issued his R&R on August 9, 2018. (ECF No. 50.) In recommending the Motion be granted in part and denied in part, Judge Torres found there was no dispute that the "Plaintiff gave his attorney the express

authority to accept Defendants' settlement offer," which the Plaintiff's counsel did; and that settlement "offer was sufficiently definite on all material terms." (*Id.* at p. 7.) On that basis, and after a thorough review of Florida law, Judge Torres found that the parties entered into a valid and binding settlement agreement, which should be deemed signed by Calderon. (*Id.* at pp. 7-8.) The R&R also recommends the Court deny the Defendants' request for attorney's fees and costs. (*Id.* at p. 8.)

Calderon timely objected to the R&R. (ECF No. 51.) The Objection does not challenge Judge Torres' finding that the parties reached a valid and binding settlement agreement. Nor does Calderon object to the recommendation that the agreement be deemed signed by Calderon. Rather, Calderon argues that the settlement agreement was not inclusive of attorney's fees and costs and that Calderon's counsel should be permitted to recover the same by separate motion.

The Defendants disagree. (ECF No. 52.) Specifically, the Defendants direct the Court to the parties' agreement which expressly agreed to the settlement of this case for $5,000.00, inclusive of "Plaintiff's claims for damages and/or attorneys' fees and costs in the Litigation." (ECF No. 49 at p. 17.) That document also shows that Calderon's counsel edited that section of the settlement agreement to allocate $4,000.00 of the settlement sum to himself as "full compensation" for his services in this case. (*Id.*)

## 2. **Legal Standard**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance,

presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

### 3. The Settlement Agreement is Inclusive of Attorneys' Fees and Costs

The Plaintiff did not object to Judge Torres' finding that the parties' settlement "agreement should be deemed signed by the Plaintiff." (ECF No. 50 at p. 8.) Thus, the Court reviews that finding for clear error. *Macort*, 208 F. App'x at 784. In the R&R, Judge Torres conducted a thorough review of Florida law and found that a binding settlement was reached and that the parties' agreement should be deemed signed by the Plaintiff. (ECF No. 50 at pp. 3-7.) After independently reviewing that authority and the record in this case, the Court completely agrees with Judge Torres and finds no clear error. As such, the Plaintiff is deemed to have signed the parties' settlement agreement, (ECF No. 49 at pp. 16-19).

As for the Objection, the Plaintiff's argument that the settlement sum is exclusive of attorney's fees and costs is meritless. The parties' agreement expressly included attorney's fees and costs in the $5,000 settlement sum. Indeed, the Plaintiff's counsel went so far as to allocate portions of that amount to cover his expenses. Thus, the terms of the settlement agreement are clear: Plaintiff's counsel is entitled to $4,000 of the $5,000 settlement sum to cover his attorney's fees and costs, and no subsequent motion for attorney's fees is warranted or permitted. On that note, the Court further finds the parties' settlement agreement (ECF No. 49 at pp. 16-19) to be fair and reasonable and approves it accordingly.

Finally, the Defendants did not timely object to Judge Torres' recommendation that their request for attorney's fees be denied. The Court sees no clear error in Judge Torres' recommendation and denies the Defendants' request for attorney's fees accordingly.

### 4. Conclusion

In sum, the Court **overrules** the Plaintiff's objection (ECF No. 51), **adopts in full** the Report and Recommendation of Judge Torres (ECF No. 50), and **grants in part and denies in part** the Defendants' motion to compel, approve and enforce settlement agreement and general release, (ECF No. 46). The parties' settlement agreement (ECF No. 49 at pp. 16-19) is deemed signed by the parties, and is approved by the Court as fair and reasonable. The entry of this order shall have res judicata effect for all claims that were or could have been raised in this action. Further, this order shall supersede the requirement for a signature on the general release included in the parties agreement. The Defendants' request for attorneys' fees is **denied.**

The Court **dismisses** this action with prejudice and directs the Clerk to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered**, in chambers, in Miami, Florida on December 10, 2018.

_____
Robert N. Scola, Jr.
United States District Judge